UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


DELARIUS BROWN,

      Plaintiff,

v.                                 CIVIL ACTION NO._____

CACTUS CANTINA OF
PENSACOLA, LLC, and
MANDY SALAS, individually,

      Defendants.
_____

## **COMPLAINT**

      Plaintiff, DELARIUS BROWN, (hereinafter referred to as the Plaintiff and/ or "Brown") sues the Defendant, CACTUS CANTINA OF PENSACOLA, and LLC, (hereinafter referred to as the "Defendant and/or "Cactus Cantina"), and Defendant, MANDY SALAS, in her individual capacity, (hereinafter referred to as "Defendant Salas), and shows as follows:

### *INTRODUCTION*

      1.  This is an action for damages and other relief to redress the deprivation of rights secured to the Plaintiff by Title VII of the Civil Rights Act of 1964 (Title

VII), based upon his race and gender; retaliation for reporting sexual harassment, hostile work environment.

2.   Florida State claims prohibiting discrimination for violations of the Florida Civil Rights Act (FCRAA) for race and gender discrimination, retaliation for reporting sexual harassment, and hostile work environment discrimination, and for common law battery.

## *JURISDICTION AND VENUE*

3.  Jurisdiction is invoked pursuant to 28 U.S.C. § 1331; 42 U.S.C. §2000e5 (f) and the Florida Civil Rights Act (FCRA).

4.  Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

5.  Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e- 5(k) and Fed. R. Civ. P. 54.

6.  This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

7.  Plaintiff has complied with all conditions precedent to the filing of this suit.

8.   Plaintiff was issued a "Right to Sue" letter on May 28, 2019, by the United States Equal Employment Opportunity Commission (EEOC).

## PARTIES

9.  Brown an African-American male was employed by the Cactus Cantina from August 31, 2015 to his involuntary termination in August 2018.  Plaintiff was an employee within the meaning of Title VII, and the Florida Civil Rights Act (FCRA).

10.  Defendant, Cactus Cantina is a Florida Limited Liability Corporation that is authorized to conduct business in Florida and has its principal address at 5121 North 12th Avenue, Pensacola, Florida 32504.  Defendant is an employer within the meaning of Title VII, and the Florida Civil Rights Act.

11. Defendant, Mandy Salas, was at all times material hereto, was an employee of Cactus Cantina.

## FACTS

12.  Plaintiff was employed by Cactus Cantina on August 31, 2014, as a server at the Pensacola restaurant.

13.  During Plaintiff's employment he performed the duties of his position in an excellent manner.  He was never the subject of any disciplinary action.

14.   In the month of February, 2018, Plaintiff and Juan Paredes, the manager of the Pensacola Cactus Cantina were standing by the exit.

15.  Defendant, Mandy Salas was also in restaurant drinking at the Bar with her husband and a friend.  She was the General Manager of the Gulf Shores Cactus Cantina Restaurant.  After her husband left the restaurant, Ms. Salas stayed and continued drinking.

16.  Mr. Paredes kept a close eye on Salas because she was intoxicated and continued drinking in the restaurant, which was against company policy.

17.  Mr. Paredes believed that Defendant was acting unprofessionally but he did not say or do anything because he did not want to embarrass her.

18.   When Defendant Salas was leaving the building, she walked past Plaintiff and Paredes and grabbed Plaintiff's crotch and held his penis and testicles and whispered in his ear, "You have a nice one."

19.  Defendant Salas was immediately suspended without pay for one week for causing a scene in the restaurant and drinking in the restaurant during her time off.

20.  The conduct of Defendant Salas was embarrassing to the Plaintiff and was unwelcome and sufficiently severe to interfere to alter the terms and conditions of Plaintiff's employment.

21.  The Defendant was aware of Defendant Sala's conduct and failed to take any corrective action.

22.   Plaintiff made numerous complaints to the management of Cactus Cantina and no action was taken against Defendant Salas for her conduct.  Plaintiff was not told that she allegedly received a one week suspension without pay.

23.  On August 7, 2018, Plaintiff was terminated from his job.

<u>*COUNT I*</u>
*(Sexual Harassment in violation of Title VII)*

24.  Plaintiff incorporates by reference paragraphs 1-23 above, as if fully set forth herein.

25.  Plaintiff is a member of the protected classes of race and gender.

26.  Defendant's employee sexually harassed Plaintiff.

27.   Defendant had knowledge of the sexual harassment and took no correction against their employee.

28.   As a result of Defendant's sexual harassment, Plaintiff has suffered damages and will continue to suffer damages unless this Court grants relief

<u>*COUNT II*</u>
*(Retaliation for Reporting Sexual Harassment)*

29.  Plaintiff incorporates by reference paragraphs 1-28 above, as if fully set forth herein.

30.  Plaintiff made numerous reports of the sexual harassment by Defendant Sala.

31. Management took no corrective action on the complaints and treated Plaintiff as if he was a nuisance.

32. Plaintiff was terminated for his continuing reporting of Defendant Sala's harassment.

33. As a direct and proximate cause of Plaintiff's reporting the harassment, he was terminated from his job.

34. As a result of Defendant's retaliation, Plaintiff has suffered damages and will continue to suffer damages unless this Court grants relief

*COUNT III*
*(Hostile Work Environment Discrimination)*

35. Plaintiff incorporates by reference paragraphs 1-34 above, as if fully set forth herein.

36. Defendant allowed Defendant Salas to create a hostile environment to such an extent that she was allegedly suspended by management.

37. As a direct result of the hostile environment allowed to be created, the Plaintiff was sexually harassed by the Defendant's employee.

38. As a result of Defendant's retaliation, Plaintiff has suffered damages and will continue to suffer damages unless this Court grants relief

## COUNT IV
### *(Common Law Battery against Defendant Salas Individually)*

39.  Plaintiff incorporates by reference paragraphs 1-38 above, as if fully set forth herein.

40.  Defendant Salas unlawfully touched and grabbed Plaintiff in his crotch without his consent.

41.  Defendant Salas had the intention of bringing about a harmful or offensive conduct.

42.  As a direct and proximate cause of Plaintiff's reporting the harassment, he was terminated from his job.

43.  As a result of Defendant Salas's battery upon Plaintiff, he has suffered damages and will continue to suffer damages unless this Court grants relief.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests the Court to enter a judgment:

a.  Directing the defendant to reinstate plaintiff to the position he would occupied but for Defendant's discriminatory treatment and making him whole for all earnings he would have received but for Defendant's discriminatory treatment, including, but not limited to, wages, salary, bonuses, pension and other lost benefits;

b. Awarding Plaintiff front pay;

c. Awarding Plaintiff compensatory damages;

d. Awarding Plaintiff punitive damages;

e. Awarding Plaintiff the costs of this action, together with reasonable attorney's fees; and,

f. Granting such other and further relief as the Court deems just and proper in the premises.

*JURY DEMAND*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action on all issues so triable.

Respectfully submitted,

*/s/  R. John Westberry*
R. John Westberry, Esq.
Florida Bar No.: 244661
Email: rjw@westberrylaw.net
Clayton M. Connors, Esq.
Florida Bar No.: 0095553
Email: cmc@westconlaw.com
WESTBERRY & CONNORS, LLC
4400 Bayou Blvd. Suite 32a
Pensacola, FL 32503
Telephone: 850-473-0401
Facsimile: 850-473-1388

Attorneys for the Plaintiff
Delarius Brown